LAW OFFICES OF
Richard Nahigian
State Bar Number 045675
1122 East Green Street
Pasadena, California 91106
Telephone:  (626) 683-3991
Facsimile:  (626) 796-2554

Attorney for Defendant,
HUGO GALINDO GONZALEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: CR10-01213-AHM |
|---|---|
| Plaintiff, | DEFENDANT GONZALEZ'S SENTENCING MEMORANDUM |
| v. | DATE: June 6, 2011 |
| HUGO GALINDO GONZALEZ | TIME: 3:00 P.M. |
| Defendant. | PLACE: Courtroom of the Honorable A. Howard Matz |

This memorandum sets forth the Sentencing Position for Defendant Hugo Galindo Gonzalez.

The plea agreement entered into between the United States Attorney's Office and the Defendant, which is in no way binding on the Court, calls for guideline sentencing range level of 28 points. From that would be subtracted 3 points for acceptance of responsibility ending in a guideline level of 25.

The United States Probation Office has concluded and recommended an adjusted offense level of 30 less 3 points for acceptance of responsibility, resulting in a total offense level 27 with a criminal history category of 1.

In addition to the factors set forth in the probation report, the Defendant understands that in determining his sentence the Court is required to consider the factors set forth in 18 USC §3553(a)(1-7), including the kinds of sentence and sentencing range established under the sentencing guidelines. Furthermore, the Defendant and the United States Attorney's

Office have reserved the right to argue the additional specific offense characteristics, adjustments, and departures under the sentencing guidelines when they can be argued and brought to Court's attention.

Lastly, the Defendant and the United States Attorey's Office reserve the right to argue for sentence outside the sentencing range established by the sentencing guidelines based on the factors set forth in 18 USC §3553(a)(1), (a)(2), (a)(3), (a)(6), (a)(7).

In addition to the factors contained in the pre-sentence report, it should be noted that the Defendant was dealing with mental depression which was often very serious. Part of it can be attributed to the fact that he was held back for two years at school in the lower grades and he was always being teased by that. As a result, he had engaged in the excessive use of marijuana, even on a daily basis.

Mr. Gonzalez wanted to seek medical help for his mental issues. Now during the long time he has been at home on house arrest, he has reflected upon the stupidity of his actions and is extremely remorseful for what he has done. He has made a promise to himself not to smoke marijuana anymore, at anytime. The more frequent his marijuana use became it increased his depression. For those reasons, plus the reasons contained on page 10, commencing on paragraph 55 of the pre-sentence report, the Defendant is requesting that the Court order and/or recommend to the Bureau of Prisons 500-hour substance, drug and alcohol abuse treatment program. He is interested in participating in this and has made known his interests both to the probation officer and to his attorney. As can be seen, at the age of 15, the Defendant began drinking alcohol regularly. From the ages of 15-21 he drank regularly. Now, however, he drinks on social occasions but he progressed to marijuana use and was using the substance on a daily basis. Mr. Gonzalez advised that his marijuana use effected his ability to excel at school and perform at work.

Regarding the offense conduct set forth in the pre-sentence report, the Defendant did not recall inviting any other female friends to the victim's house for the "meeting". He certainly did not offer her any drugs. The assertion on page 5, paragraph 15, regarding the officers recovering a video on the Defendant's cellular phone of Gonzalez engaging in sexual

intercourse with a girl who appeared to be younger than 18 should not be consider by this Court. It is inconclusive and merely suggests one person's opinion as to what was seen. The Defendant has accepted responsibility and accepted it at an early stage and therefore he should have a 3 level reduction.

Regarding the probation officer's calculations of the offense level computation, commencing on page 6 of the pre-sentence report, it is argued that paragraph 23's recommendation that a 2 level enhancement be applied should not be done so in this case. The totality of the circumstances, and especially the statute itself, provides that the Defendant knowingly used the communication device to participate or encourage sexual intercourse with a minor. Regarding the balance of the additions, the Defendant is in accord. In other words, the total offense level should be 25 as opposed to the 27 recommended by the probation officer. The suggestions in paragraph 34 regarding other behavior or offense conduct is clearly speculative in nature and it has been several months, perhaps almost a year, wherein investigating officers could have and would have brought any other improprieties on behalf of this Defendant to the attention of the prosecutorial agencies. There are no additional known victims.

The Defendant has been attending weekly therapy sessions with a counselor at Sharper Images in Pasadena. He advises the therapy sessions are beneficial and he is continuing with the therapy.

The Defendant has taken care of the outstanding warrant for driving with no license. He went to Court and resolved the case in April, 2011. There is no longer an outstanding bench warrant.

Other factors to consider in the imposition of sentence pursuant to §3553, are the nature and circumstances of the offense and the history and characteristics of the Defendant. The Defendant is extremely remorseful for his conduct. Pursuant to *US v. Fagan*, 162 F.2d 1280, 1284-85 (10th Cir. 1998), because the guidelines do not expressly forbid the departure under the rationale of Koon, the Court may downward depart where the Defendant

has shown great remorse to an exceptional degree although the Defendant already received adjustment for acceptance of responsibility. The Defendant accepted responsibility at a very early stage and has shown remorse.

Another reason for departure is for Defendant's aberrant behavior. In USSG §5K2.20, a departure is authorized for a single occurrence that was committed without significant planning, was of limited duration and represented a marked deviation from an otherwise law abiding life. There have been no other incidents involving this Defendant. He has no prior criminal history and was working on two jobs, one with his father and one as a swimming instructor. The integrity and character of the Defendant certainly is reflected in the dozens of character letters appended to this memorandum. The Defendant comes from an extremely close knit, well respected, and supportive household. Based on these factors, we are requesting a further downward departure for aberrant behavior.

In order to have a rehabilitative consequence on Defendant in regards to his conduct, which is now subject to a prison term, a downward departure that allows the Defendant to attend boot camp and/or some other rehabilitative program is warranted. Once the imprisonment is selected as means of punishment, the Court may consider a treatment or rehabilitation program to determine the length of the sentence. Thus, if the Defendant qualifies for some rehabilitative program and/or boot camp, the Court has discretion to downward depart. Another reason for departing downward is the Defendant's health problems. He has suffered from severe mental depression and as a consequence he wrongfully began participating in the extensive use of smoking marijuana. It would be extremely helpful to have the Defendant participate in some drug rehabilitation program and perhaps even be out on electronic monitoring or home confinement in order for him to achieve the result.

Attached are the following letters of recommendation and support for the Defendant:

1. Jose Gonzalez and Guillermina Gonzalez (Defendants mother and father)
2. Hugo Gonzalez
3. Nadia Gonzalez

4. Reverend Damien Toilolo
5. Denise Spencer
6. Alejandra Gonzalez
7. Jose Gonalez
8. Saul Gonzalez
9. Karla Velasco
10. Jose Martin
11. The Cruz Family
12. David Ventre
13. Rosalia Arellano
14. Michael M. Varela
15. Luc and Debbie Imberechts
16. David and Lauren Haponski
17. Melissa Jaquez
18. Genevieve Garcia
19. Rocio Esquivias, MA, P.P.S.
20. Jeannie Lambert
21. Mario Patritti, DDS
22. Nilsa Laborde, M.D., Ph.D.
23. John Vargas
24. Charles Carleo
25. Cerise Carleo
26. Gregory McLin
27. James and Maricarmen Luhrsen
28. Eveline Chavez
29. The Cortez Family
30. Hortensia Baltazar-Zapata

5
DEFENDANT GONZALEZ'S SENTENCING MEMORANDUM

31. Raquel Pelayo Mancera
32. Guy Blanco
33. Serapio Velasco and Dolores Robles
34. Alvaro De La Torre Jr.
35. Maria E. Baltazar
36. Moises and Maria Garcia
37. Ricardo Valencia
38. Rosalba Lopez
39. Samuel Lopez
40. Bernardo Lopez
41. Roberto Solache
42. Ricardo and Marisol Avila
43. Ciro Macedo
44. Paige Corbett
45. Roberto and Magdalena Ceron
46. Maria Cristina Honer
47. Dolores Garcia
48. Luis Alfredo Vasquez Jimenez
49. Alex Parra
50. Edgar Jimenez Vargas
51. Luis Navarro, Mayra Navarro and Ofelia Gonzalez
52. Daniel Navarro
53. Servando Galindo
54. Michael M. Varela
55. Lastly, several letters from the students in Hugo Gonzalez's swimming classes.

The Court can glean from these letters all the phenomenal attributes that this young man possesses. Rarely have I seen so many letters of support and character references from people throughout all phases of the community, including families, friends, relatives,

employers, employees, churches, and working professionals. It is recommend that the Court depart downward anywhere between 11 to 13 levels from the adjusted level of 25 to arrive at a final guideline level of 12 to 14, criminal history 1. The probation officer has set forth on page 12, paragraph 87, that unless probation is precluded by statute, the Court can include, as part of a sentence of probation, a condition requiring confinement at a community corrections center, participation in a home confinement program, or a combination of both. In accessing the propriety and duration of community confinement and/or home detention, the Court should consider the sentencing factors enumerated in 18 USC §3553(a). Advisory input regarding the use of these factors can be found at USSG §5B1.1, §5F1.1, and §5F1.2.

The 8 page letter which has been appended to the probation officer's report has been reviewed by the Defendant and his counsel. We would like to bring forth to the Court's attention a couple of these mandated suggestions which we believe the Court should not order. More specifically, paragraphs 19, 20, and 21. It does not appear that the Defendant would be any risk of being within 100 feet of school yards, parks, or public swimming pools. In fact, the preclusion of being within 100 feet of swimming pools would defy his opportunity to be gainfully employed as a swimming instructor. Likewise, it is believed that paragraph 20 is unnecessary and for the reasons stated above, paragraph 21 is unnecessary.

Regarding paragraph 23, we believe it would be extremely onerous upon the Defendant, and perhaps after inquiry by the Court as to certain specifics of Defendant's residence and employment, a prohibition of some type can be crafted which would serve the needs of the People, the Government, and the Defendant.

Respectfully submitted,

DATED: May 18, 2011.

RICHARD NAHIGIAN
Attorney for Defendant